FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

THEODORE K. WILSON and
TINA M. WILSON, his wife,

                           Plaintiffs,

V.                                                  CIVIL ACTION NO. 5:09-0483

DELL FINANCIAL SERVICES, L.L.C.,

                           Defendant.

## AFFIDAVIT OF STUART KIRKWOOD

**STATE OF TEXAS,**

**COUNTY OF TRAVIS, To-Wit:**

On this 7th day of May, 2009, Stuart Kirkwood, being first duly sworn, deposes and says as follows:

1. I hold the position of Revenue Services Manager with Dell Financial Services, LLC ("DFS"), and I am authorized to make this affidavit on behalf of DFS.

2. The contents herein are based on my personal knowledge, except where based upon a review of DFS's books and records, and I am competent to swear to the matters contained herein.

3. I have been employed by DFS in various capacities since May 15, 2006. In connection with my employment, I have become and am familiar with DFS's policies and practices regarding communicating with and delivering account materials to DFS consumers. I also have become and am familiar with DFS's books and records with respect to the servicing of DFS accounts, including the mailing of account materials and statements to consumers.

1

4. DFS is a Delaware limited liability company engaged in the business of, among other things, providing servicing functions for the Dell Preferred Account ("DPA"), a credit account used to finance the purchase of goods and services from Dell Inc. ("Dell").

5. Pursuant to DFS's standard business practice, consumers approved for a Dell Preferred Account ("DPA") are mailed a "Welcome Package" containing copies of the Dell Preferred Account Credit Agreement (the "DPA Agreement") and Pricing Addendum (the "Addendum") setting forth the terms and conditions of the DPA. The DPA Agreement includes an arbitration provision (the "Arbitration Agreement"). Consumers who reject the terms and conditions of the DPA, including the Arbitration Agreement, may decline to accept them by calling a toll-free number within 24 hours of receipt of the Welcome Package.

6. A consumer may apply for a DPA by telephone or online, over the Internet. Pursuant to DFS's standard business practice, consumers who apply for a DPA by telephone are informed by the telephone representative that the full credit agreement for the account - the DPA Agreement and Addendum described above - will be mailed to them. Consumers are informed that they will have 24 hours to review the full agreement and that, if they reject it, they can call back to arrange an alternative method of payment. Consumers are also informed of the credit limit, the standard variable annual percentage rate on their DPA and whether they qualify for any promotional offers. Consumers must indicate their acceptance of these terms to complete a purchase on the DPA account. The telephone representative also offers to fax or e-mail a copy of the Dell Preferred Account Preliminary Credit Agreement (the "Preliminary Agreement"), which contains all of the account terms except for detailed rate information. The Preliminary Agreement includes the full text of the Arbitration Agreement. Consumers who do

not accept the terms are given the option of paying for their orders using a different payment method.

7. I am familiar with the allegations made by the plaintiffs Theodore K. Wilson and Tina M. Wilson, in the above-captioned lawsuit.

8. I have reviewed the records regarding Mrs. Wilson's Dell Preferred Account.

9. According to DFS's records, on April 15, 2003, Mrs. Wilson applied for, and obtained, DPA, No. xxxx-xxxx-xxxx-xxx5-677, to finance the purchase of computer equipment from Dell.

10. According to DFS's records, and pursuant to DFS's standard business practice, Mrs. Wilson was mailed a Welcome Package to her home address within 48 hours of April 15, 2003 – the date on which the account was opened. According to DFS's records, Mrs. Wilson has never informed DFS that she rejected any of the terms of the DPA Agreement, including the Arbitration Agreement. Attached as **Exhibit A** hereto is a true and correct copy of the print proof of the DPA Agreement for the type of account Mrs. Wilson's had with Dell.

11. The first paragraph of the DPA Agreement reads: "Following is the **DELL PREFERRED ACCOUNT CREDIT AGREEMENT** that governs the Dell Preferred Account you requested. Please read it carefully." (Ex. A.)

12. In the second paragraph of the DPA Agreement, the customer is informed that: "If you wish to decline the terms and conditions contained in the Agreement, you must call 1-800-879-9500 within 24 hours of receipt of the Agreement." (Ex. A.)

13. The fourth paragraph of the DPA Agreement notifies the customer: "If you do not contact us, your acceptance of any products you purchased constitutes use of the credit offered and acceptance of the terms and conditions of the DPA Agreement." (Ex. A.)

14. The DPA Agreement also contains an arbitration provision that states, in pertinent part:

> **Arbitration.** Any claim, dispute or controversy (whether based upon contract; tort, intentional or otherwise; constitution; statute; common law; or equity and whether pre-existing, present or future), including initial claims, counter-claims, cross-claims and third party claims, arising from or relating to this Agreement or the relationships which result from this Agreement, including the validity or enforceability of this arbitration clause, any part thereof or the entire Agreement ("Claim") shall be resolved, upon the election of either you or us, by binding arbitration pursuant to this arbitration provision and the applicable rules or procedures of the arbitration administrator selected at the time the Claim is filed.

(Ex. A.)

15. In conspicuous writing, in bold capital letters, the following paragraph appears in the Arbitration Provision:

> **YOU ACKNOWLEDGE THAT IF A CLAIM ARISES YOU MAY BE REQUIRED TO SETTLE THE CLAIM THROUGH ARBITRATION AND ARE GIVING UP YOUR RIGHTS TO LITIGATE SUCH CLAIMS IN A COURT OR BEFORE A JURY OR TO PARTICIPATE IN A CLASS ACTION WITH RESPECT TO SUCH A CLAIM. OTHER RIGHTS THAT YOU WOULD HAVE IF YOU WENT TO COURT, SUCH AS ACCESS TO DISCOVERY, MAY ALSO BE UNAVAILABLE OR MAY BE LIMITED IN ARBITRATION.**

(Ex. A.)

16. According to DFS's records, Mrs. Wilson did not decline the terms and conditions of the DPA Agreement, accepted shipment of the initial purchase and used the credit offered to her to make that purchase of computer equipment. A number of other purchases have been made on the DPA account since it was opened, including, most recently, in April 2008.

And further the Affiant saith not.

_____
Stuart Kirkwood

Taken, subscribed and sworn to before the undersigned Notary Public this 7th day of May, 2009.

My commission expires: 6-13-2010.

**[NOTARIAL SEAL]**

*Cindy Holt*
NOTARY PUBLIC

CINDY HOLT
MY COMMISSION EXPIRES
June 13, 2010